UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STANDARD INSURANCE COMPANY,

        Plaintiff,

v                                        Case No. 20-cv-11229
                                         Honorable Thomas L. Ludington

RAVI KIRAN LAKKARAJU, M.D.

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR TRANSFER OF VENUE**

On May 18, 2020, Plaintiff Standard Insurance Company filed a Complaint alleging that Defendant Ravi Kiran Lakkaraju fraudulently made material misrepresentations within his Policy application for disability insurance and benefits. *Id*. As relief, Plaintiff seeks rescission of the policy and return of $175,000 in benefits paid to Defendant over the course of six years.

Plaintiff is an insurance corporation under Oregon law. ECF No. 1 at PageID.2. Defendant was a citizen of Michigan at the time he applied for his Policy and submitted a claim for payment of benefits under the policy. *Id*. Defendant is now a resident of California. *Id*. Plaintiff claims this Court has original jurisdiction per 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000. *Id*. at PageID.2. Plaintiff claims the venue is proper per 28 U.S.C. § 1391(b) because by Defendant signing the application for the Policy and claiming payment of benefits in this District, a substantial part of the events giving rise to Plaintiff's action occurred in this District. *Id*.

On June 29, 2020, Defendant filed a Motion to Transfer Venue to the Southern District of California. ECF No. 11 at PageID.109. On July 13, 2020, Plaintiff filed a Response in opposition. ECF No. 12 at PageID. 149. A week later, Defendant filed a Reply. ECF No. 13.

**I.**

In 2005, Defendant was examined by a physician at the University of Michigan for facioscapulohumeral muscular dystrophy ("FSHD"), had blood DNA testing for FSHD, was advised to establish treatment for FSHD, and underwent other evaluation and testing related to his FSHD. ECF No. 12 at PagedID.154.

In 2008, Defendant, then a Michigan resident, enlisted Michael Von Ebers and Ryan Schulte, residents of California, to assist Defendant in obtaining long-term disability insurance. ECF No. 11 at PageID.116. Von Ebers and Schulte corresponded with Plaintiff on Defendant's behalf to obtain the application for disability insurance through Plaintiff. *Id*. In Defendant's application, Defendant denied having any medical procedure or blood tests prior to seeing any medical practitioner in the past 5 years. ECF No. 12 at PagedID.154. While in Michigan, Defendant signed the application for disability insurance. ECF No. 11 at PageID.116. Plaintiff accepted Defendant's application for disability insurance and issued a policy, effective September 12, 2008. *Id*.

On July 29, 2014, a statement was submitted to Plaintiff seeking payment of benefits under the Policy per Defendant's suffering of muscular dystrophy. *Id*. In August 2014, Defendant moved to California. *Id*. On September 30, 2014, Plaintiff approved Defendant's disability claim. *Id*. at Page ID.122. On October 4, 2014, Plaintiff began paying benefits to Defendant in California. *Id*. at Page ID.116. In February 2020, Plaintiff notified Defendant that it was paying benefits under a reservation of rights until it completed its investigation of alleged misstatements in Defendant's application. *Id*. at PageID.117. In April 2020, Plaintiff stopped paying benefits. *Id*. In May 2020, Plaintiff brought this action in this Court. *Id*.

**II.**

Under 28 U.S.C. § 1404(a), a court "may transfer any civil action to any other district or divisions where it might have been brought." *Price v. PBG Hourly Pension Plan*, 921 F. Supp. 2d 764, 770 (E.D. Mich. 2013) (*quoting* 28 U.S.C. § 1404(a)). A court has discretion to transfer a case based on convenience and fairness. *Id*. (citation omitted). However, the court must determine whether the action could have been brought in the proposed transferee district, and whether the transfer would serve the convenience of the parties and witnesses and promote the interests of justice. *Doe v. Rousseau*, WL 2489982, at *2 (E.D. Mich. June 21, 2011).

Specifically, the court must consider the following factors: convenience of the parties and witnesses, accessibility of proof, locus of the operative facts, availability of process to compel witness attendance, cost of obtaining witnesses, the forum's familiarity with the governing law, weight accorded to plaintiff's choice of forum, trial efficiency, and interests of justice. *Id*. (citation omitted). The moving party bears the burden to show, by a preponderance of the evidence, that these factors favor transfer. *Id*. The moving party fails to meet this burden if they show that a transfer merely shifts inconvenience or hardship between the parties, without reducing the overall amount of inconvenience or hardship to the parties and non-party witnesses. *Innovation Ventures, LLC v. Custom Nutrition Labs., LLC*, WL 1531700, at *18 (E.D. Mich. Mar. 31, 2020).

### III.

### A.

An action could have been brought in a proposed transferee court when such court has jurisdiction of the action, venue is proper, and Defendant is amenable to process issuing out of the transferee court. *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000) (citation omitted). Defendant contends that this action could have been brought in the transferee district, the Southern District of California. ECF No. 11 at PageID.118. Defendant

argues that the Southern District of California would have diversity jurisdiction as Plaintiff is a citizen of Oregon and Defendant is a citizen of California. *Id*. Because Defendant resides in the Southern District of California, he is subject to process in California and venue would be proper per 28 U.S.C. § 1391(a)(1).

In its Response, Plaintiff does not deny these claims. Accordingly, it is determined that the action could have been brought in the Southern District of California.

**B.**

Defendant argues that the locus of the operative facts occurred in the Southern District of California. ECF No. 11 at PageID.121. While in the Southern District of California, Von Ebers and Schulte procured the application, filled out the application, sent the application for Defendant's signature, and submitted the signed application from Defendant to Plaintiff. *Id*. Plaintiff approved Defendant's disability claim after Defendant moved to California, and Plaintiff paid the benefits in question to Defendant while Defendant resided in California. *Id*. During this time, Plaintiff required additional documentation from Defendant. This included Attending Physician Statements that required consultations with Dr. Hynn which occurred in Southern California. *Id*.

Plaintiff responds that the locus of the operative facts occurred in Michigan. ECF No 12 at PageID.159. According to Plaintiff, the operative facts are Defendant's visit with Dr. Thomas Gelehrter for blood tests and treatment of FSHD at The University of Michigan and Defendant signing the Application for Policy while in Michigan. *Id*. Additionally, the Policy provided insurance for income he earned from his Michigan medical practice. ECF No. 12-2 at PageID.174.

Plaintiff represents that Schulte also signed the Application in Michigan as the "Soliciting Producer." ECF No 12 at PageID.165. Plaintiff relies on the 6th Circuit opinion in *Kutlenios v. UnumProvident* to argue that Defendant's signing of the application is the operative fact, not the

action of filling out the application. In *Kutlenios*, the 6th Circuit found that the insured is charged with knowledge of the information within an insurance application. *Kutlenios v. UnumProvident Corp.*, 475 F. App'x 550, 553 (6th Cir. 2012). Plaintiff supports this reliance with a Michigan Court of Appeals case ruling that it is immaterial whether an applicant or his agent misrepresents information within a fraudulent insurance application; the fact that the applicant signed the application is material. *Montgomery v. Fidelity & Guar. Life Ins. Co.*, 713 N.W.2d 801, 804 (Mich. Ct. App. 2005).

Considering the 6th Circuit and Michigan Court of Appeals decisions together, the locus of the operative facts occurred in Michigan. The operative facts of this action concern the visit Defendant made with Dr. Gelehrter in Michigan and the subsequent signing of the Policy application in Michigan. Where the information was filled out does not control. Therefore, the factor of locus of the operative facts does not favor a transfer.

### C.

The next factor is accessibility of proof. Generally, the location of documentary or transportable proof is given minimal consideration absent a showing that it would be "unduly burdensome" to submit the evidence in either the current or proposed transferee district. *Audi AG v. Shokan Coachworks, Inc.*, WL 522707, at *5 (E.D. Mich. February 13, 2007).

Defendant argues that the following key documents relevant to Plaintiff's complaint are located in California: the disability application, correspondence regarding the same, supplemental documentation in support of his application for benefits, and medical records from Defendant's neurologist concerning his muscular dystrophy diagnosis. ECF No. 11 at PageID.121.

Plaintiff responds that much of its evidence is located at the University of Michigan, where Defendant was blood tested and treated by Dr. Gelehrter for FSHD.

Both parties have stated where their proof is located, but neither party has stated that the proof would be "unduly burdensome" to submit to either the Court or the proposed transferee district. Therefore, the factor of accessibility of proof does not favor a transfer.

## D.

Defendant concedes that both this Court and the proposed transferee district are sufficiently equipped to handle an insurance fraud action. ECF No. 11 at PageID.124. Accordingly, the factor of a particular forum's familiarity with the governing law does not favor a transfer.

## E.

The plaintiff's choice of venue is rarely disturbed, unless the other transfer of venue factors strongly favor the movant. *Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951). For a transfer of venue motion to succeed, the 6th Circuit requires that a plaintiff's chosen forum must be "unnecessarily burdensome" for the defendant or a non-party witness. *Innovation Ventures, Boling v. Prospect Funding Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019)).

Plaintiff points to the 6th Circuit decisions of *Nicol* and *Innovation* to argue that Defendant has not provided evidence that this Court is unnecessarily burdensome. ECF No. 12 at PageID.158. Defendant cites *Audi AG v. Shokan Coachworks, Inc.*, WL 522707, at *5 (E.D. Mich. February 13, 2007) to assert that the strong presumption of choice of forum is not afforded to plaintiffs who do not reside in the chosen forum.

In *Audi*, the court decided that less weight was assigned to the plaintiff's choice of forum when the plaintiff is not a resident within the chosen forum or the operative facts occurred outside the district. *Audi*, WL 522707, at *5. Audi adopted this ruling from *Steelcase v. Mar-Mol*. *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp. 2d 920, 940 (W.D. Mich. 2002). While both the *Audi* and *Steelcase* courts stated this rule as a disjunctive test, both courts applied the rule conjunctively;

the plaintiffs in *Audi* and *Steelcase* did not reside in the chosen forum nor did any of the operative facts occur in the chosen forum's district. *Audi*, WL 522707, at *5 and *Steelcase*, 210 F.Supp.2d at 940. Since the operative facts of this case occurred in Michigan, this action is distinguished from both *Audi* and S*teelcase*. Further, when the plaintiff has no connection to the chosen forum, only a "well-founded" transfer motion may override the plaintiff's choice. *Delaney v. United Parcel Serv., Inc*, WL 396172, at *2 (E.D. Mich. February 17, 2009). Here, Defendant fails to show well-founded reasons to transfer or that the chosen forum unnecessarily burdens Defendant or a non-party witness. Defendant argues that travel is burdensome due to the current COVID-19 pandemic, yet this Court is holding virtual hearings due to the pandemic such that arguments concerning travel are moot. Therefore, the factor of weight accorded to Plaintiff's choice of forum does not favor a transfer.

### F.

If Defendant's finances are inadequate for him to litigate an action without overwhelming financial burden, then it may be within the interests of justice to transfer the action to a venue in which Defendant can afford to litigate. *Steelcase, Inc., v. Mar-Mol Co., Inc.*, 210 F. Supp. 2d 920, 939 (W.D. Mich. 2002). However, conclusory statements of a party's financial status without evidence of their financial resources is insufficient. *Id*.

Here, Defendant argues that the relative means between the parties favors transfer because he is being sued in an individual capacity by a corporation. ECF No. 11 at PageID.123. He concludes that it is unjust for him to bear the financial burden to travel to Michigan when Plaintiff has regional offices in California. *Id*.

Defendant's arguments are not persuasive because Defendant has not provided evidence of his financial resources. Further, any arguments that a financial burden is incurred due to travel

are rendered moot as this Court is holding virtual proceedings. Therefore, the interests of justice do not favor a transfer.

### G.

Both parties provide the same argument and evidence for the factors of convenience of the witnesses and parties, trial efficiency, the availability of process to compel witness attendance, and the cost of obtaining willing witnesses. Accordingly, these factors will be analyzed together.

Convenience of non-party witnesses is one of the most important factors in deciding whether to grant a 28 U.S.C. § 1404(a) transfer of venue. *Performance Contracting, Inc. v. DynaSteel Corp.*, 2012 WL 1666394 (E.D. Mich. May 9, 2012). Defendant argues that convenience of the witnesses and parties favors transfer. ECF No. 11 at PageID.119. Defendant states that the key witnesses are Michael Von Ebers, Ryan Schulte, and Dr. Nelson Hynn (Defendant's neurologist), all of whom are residents of California. *Id.* at PageID.120. He reasons that California is more convenient for the Plaintiff because the Plaintiff is based in Oregon, and California is closer to Oregon than Michigan. *Id.* at PageID.119. He further contends that since his muscular dystrophy restricts his mobility such that he uses an electric scooter outside his home, traveling to Michigan for litigation imposes an undue hardship upon him. *Id.* at PageID.120. Defendant argues that since all parties and witnesses are located in or closer to the Southern District of California, that the trial will most efficiently be held in the Southern District of California. ECF No. 11 at PageID.124.

Plaintiff responds that its key witness is Dr. Gelehrter, the doctor who tested Defendant for FSHD in 2005 at the University of Michigan. ECF No. 12 at PageID.163. Dr. Geleherter is still at the University of Michigan. *Id.*

While convenience of the parties, and more so the witnesses, is typically evaluated by the district court, these arguments are currently moot. The crux of these convenience arguments stems from the burden of the parties or witnesses to physically travel. However, amidst the current COVID-19 pandemic, the Court is holding virtual proceedings in civil cases for the foreseeable future. Additionally, since the witnesses and parties will not be traveling, transferring this case to another district court would be inefficient as the newly assigned court would have the duplicative task of familiarizing themselves with this case. Therefore, the factors of convenience of the witnesses and parties, trial efficiency, the availability of process to compel witness attendance, and the cost of obtaining willing witnesses do not favor a transfer.

**IV.**

As explained above, the moving party bears the burden to show by preponderance of the evidence that a balance of the following factors favors a transfer: convenience of the parties and witnesses, accessibility of proof, locus of the operative facts, availability of process to compel witness attendance, cost of obtaining witnesses, forum's familiarity with the governing law, weight accorded to plaintiff's choice of forum, trial efficiency, and interests of justice. The locus of the operative facts, trial efficiency, and weight of Plaintiff's choice of forum favors this action remaining within this District.

The factors of convenience of the parties and witnesses, availability of process to compel witness attendance, cost of obtaining witnesses, accessibility of proof, and interests of justice are moot due to the Court holding virtual proceedings. During litigation, circumstances may change, and the Court may begin to hold physical proceedings. However, such changes in circumstance appear unlikely in the near future.

Accordingly, it is **ORDERED** that Defendant's Motion to for Transfer of Venue, ECF No. 11, is **DENIED**.

Dated: July 31, 2020                    <u>s/Thomas L. Ludington</u>
                                        THOMAS L. LUDINGTON
                                        United States District Judge